**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** § § § | |
| **Plaintiff,** § § | |
| v. § | **CIVIL ACTION NO. 4:20-cv-03343** |
| § | |
| **CASH DEPOT, LTD.** § § § | |
| **Defendant.** § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT**
**OF THE**
**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NATURE OF THE ACTION**

1.      This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Barney M. Galloway ("Galloway" or "Charging Party"). As alleged with greater particularity in paragraphs 17-27 below, Defendant Cash Depot, Ltd. has engaged in unlawful discrimination by failing to accommodate Galloway and terminating him because of his disability.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Cash Depot, Ltd. (hereinafter "Cash Depot" or "Defendant") has continuously been a Wisconsin corporation with its principal address at 1740 Cofrin Dr., Suite 2, Green Bay, Wisconsin 54302, doing business in the State of Texas, in the City of Houston, County of Harris.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

8. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th St., Suite 620, Austin, Texas 78701-3136.

## ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Galloway filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

10. On May 28, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On August 20, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

15. Defendant is a privately owned, independent ATM service provider which sells, leases, rents, and ships ATM machines to merchants and financial institutions throughout the U.S., and services machines after installation.

16. Galloway began employment with Defendant as a Field Service Technician on or about July 9, 2018.

17. Since at least March 2019, Defendant has engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

18. Galloway suffered a serious stroke at his home on or about February 21, 2019 while on personal leave. On February 25, 2019, Galloway provided notice to Defendant that he was hospitalized for stroke from February 22 to February 25, 2019 and would be released to return to work in early March 2019. On March 6, 2019, Galloway provided Defendant with a doctor's note stating that his only limitation was driving and he would be reevaluated on April 2, 2019.

19. On March 6, 2019, Defendant publicly posted a job opening for the Field Service Technician position held by Galloway.

20. On March 13, 2019, Defendant placed Galloway on a leave of absence until April 3, 2019. Defendant informed Galloway that his job would be held open for him until April 3rd, but the company could not guarantee that it would remain open if he were unable to return to work by that date "or very shortly thereafter."

21. On April 2, 2019, prior to Galloway's anticipated return to work, Defendant offered Galloway's Field Service Technician position to a non-disabled individual who accepted the job that day. The replacement started the job on April 15, 2019.

22. On April 2, 2019, after, unbeknownst to him, his replacement had been hired, Galloway informed his supervisor that he could return to work with a lifting, pushing and pulling limitation of 25 lbs. On April 3, 2019, he provided Defendant with a doctor's note releasing him to return to work with the 25 lbs. restrictions. Defendant made no effort to interact with Galloway to determine whether a reasonable accommodation was necessary or available to enable him to perform the essential functions of the job.

23. Instead, on April 3, 2019, Defendant terminated Galloway in writing and by phone. His termination letter stated that Defendant had determined that because of the nature of the job and the fact that the company would be unable to accommodate his restriction. Defendant's Human

Resources representative verbally informed Galloway that he had to be 100% recovered with no restrictions and no needed accommodations in order to return to work.

24. Galloway is a qualified individual with a disability under Sections 3(1)(A) & (B) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) & (B) and 12111(8), in that he has a physical impairment that substantially limits a major life activity or major bodily function and/or he has a record of such an impairment. Galloway's disability, stroke, affects major life activities involving neurological and brain functions. Galloway was able to perform the essential functions of his job of Field Service Technician with or without an accommodation. Defendant was aware of Galloway's disability.

25. Defendant subjected Galloway to an adverse employment action – termination – on the basis of disability by discharging him because of his actual disability or record thereof, in violation of Sections 102(a), (b)(1) and (b)(5)(B), (b) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) & (b)(5)(B), and any other applicable provision of the ADA.

26. In addition, Defendant failed to accommodate Galloway and failed to engage in the interactive process to determine if a reasonable accommodation was necessary or available in violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §§ 12112(b)(5)(A), and any other applicable provision of the ADA.

27. The effect of these unlawful practices has been to deprive Galloway of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of his disability within the meaning of the ADA.

28. As a result of Defendant's unlawful actions, Galloway suffered pecuniary and non-pecuniary losses and damages.

29. The unlawful employment acts, omissions and practices complained of in paragraphs 17-27 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

30. The unlawful employment practices complained of in paragraphs 17-27 above were done with malice or with reckless indifference to Galloway's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination based on disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Barney M. Galloway by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 17-27 above, including, but not limited to, reinstatement of Barney M. Galloway, where appropriate, or an award of front pay, in an amount to be proved at trial, if reinstatement is impractical.

D. Order Defendant to make whole Barney M. Galloway by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices described in paragraphs 17-27 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E.  Order Defendant to make whole Barney M. Galloway by providing compensation for past and future non-pecuniary losses resulting from its unlawful practices complained of in paragraphs 17-27 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay Barney M. Galloway punitive damages for its malicious and reckless conduct, as described in paragraphs 17-27 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

SHARON FAST GUSTAFSON
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C. 20507

RUDY SUSTAITA
Regional Attorney

KATHY D. BOUTCHEE
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th floor

7

Houston, Texas 77002

 /s/ Connie W. Gatlin
CONNIE WILHITE GATLIN
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00792916
Southern Dist. of Texas No. 23624
U.S. Equal Employment Opportunity Commission
1919 Smith St., 6th Floor
Houston, Texas 77002
(346) 327-7710
(713) 651-7995 [facsimile]
connie.gatlin@eeoc.gov