United States District Court
Southern District of Texas
**ENTERED**
July 21, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-20-3343 |
| | § | |
| Cash Depot, LTD, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Background.*

On July 9, 2018, Cash Depot, LTD – which sells, leases, and services automated teller machines – hired Barney Galloway as a field service technician.

On February 21, 2019, Galloway had a stroke at his home.

Two weeks later, he gave Cash Depot a note from his doctor with a driving limitation and that he would be re-evaluated in a month. He requested a leave of absence soon after.

On April 3, 2019, Galloway gave an updated doctor's note approving his return to work with a 25-pound lifting restriction. Cash Depot terminated Galloway saying that it could not accommodate his restriction.

On September 28, 2020, the Equal Employment Opportunity Commission – on behalf of Galloway – sued for employment discrimination under the Americans with Disabilities Act for not accommodating. Cash Depot has moved for summary judgment. It will prevail.

2. *Disability Discrimination and Failure to Accommodate.*

To succeed on a disability discrimination claim, the Commission must show that: (a) Galloway is disabled; (b) he is qualified for his job; (c) Cash Depot fired him because of his disability; and (d) he was replaced by a non-disabled person.[1]

To succeed on a failure to accommodate claim, the Commission must show that: (a) Galloway is qualified with a disability; (b) the disability and its consequential limitations were known by Cash Depot; and (c) Cash Depot did not make reasonable accommodations for those limitations.[2] To be qualified under the Act, Galloway must have been able to do the essential functions of a field service technician with or without a reasonable accommodation.[3]

The Commission says that Galloway was disabled by his stroke and aneurysm which led to:

(a) a 25-pound lifting restriction,
(b) limited brain and nerve function,
(c) coordination and balance issues,
(d) dizziness,
(e) minor memory loss,
(f) speech issues,
(g) limits to the physical activities he can do,
(h) depression,
(i) anxiety,
(j) insomnia and restlessness, and
(k) fatigue.

---

[1] *Equal Employment Opportunity Commission v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014).

[2] *Credeur v. Louisiana through Off. of Att'y Gen.*, 860 F.3d 785, 792 (5th Cir. 2017).

[3] 42 U.S.C. § 12111(8).

It argues that he was able to do the essential functions of his job with minor accommodations for his lifting restriction. Galloway was fired and replaced by someone without a disability. The Commission insists that Cash Depot did not accommodate Galloway or even talk with him to find one.

It is undisputed that Cash Depot fired Galloway and replaced him with a non-disabled person. Under the Act, Galloway is disabled. This case centers on whether Galloway was able to do the essential functions of a field service technician with or without a reasonable accommodation. The sole limitation that Galloway told Cash Depot he had was the lifting restriction. It would be the only limitation Cash Depot would have had to consider in determining an accommodation.

Galloway testified that he was sure that he could do his job, yet he worked at Cash Depot for just seven months. His speculation does not create a fact issue and does not overcome the deference given to Cash Depot's business judgment in how the job is done.[4]

The Commission also highlights how the job description gives a 20-pound lifting requirement. This may be considered, but it is not conclusive. The court must consider the full range of the facts. It may give deference to Cash Depot's judgment. The company's more experienced workers understood that the technicians would have to lift more than 25 pounds during most of the job's activities – including coin empties, repairs, moves, and replacements.

The Commission considers this speculative. It confuses the burden in the case. It cannot challenge with Galloway's own speculation. It carries the burden to prove the case it brought – not Cash Depot's burden to prove it is not liable.

The Commission insists that three possible reasonable accommodations existed: (a) splitting the coin removals into multiple bags, (b) scheduling other technicians to help with heavy jobs, and (c) giving Galloway more unpaid leave. The Commission merely speculates that splitting removals is reasonable. This could lead to stolen bags as they would be left unattended. Cash Depot is not

---

[4] *Credeur*, 860 F.3d at 794.

required to hire others to cover or do parts of Galloway's job.[5] Paying someone else to do his work – whether he is also getting paid or not – is not a reasonable accommodation.

The Commission argues that Cash Depot failed to negotiate with Galloway on a reasonable accommodation. It has not identified a subject that Cash Depot could have reasonably considered. Cash Depot knows the requirements of the job. The whole onus is not on Cash Depot. Galloway also has the principal responsibility to engage – merely giving an indefinite limitation at the twilight hour of his leave does not meet that responsibility. Cash Depot also does not have to discuss a reasonable accommodation with Galloway if one does not exist.

The Commission also takes issue with Cash Depot planning for a potential replacement before ultimately firing Galloway. Cash Depot is not expected to sit on its hands and wait to see if Galloway might be able to return to work. Any responsible company would make alternate plans. Galloway's decision to wait and let Cash Depot know of his return at the last minute with an indefinite restriction is not automatically bad faith by Cash Depot.

The analysis for these claims was largely limited to the 25-pound lifting restriction because it was the sole one that Cash Depot was aware. The list of other potential limitations is important. Each separately could affect Galloway's ability to do the job – let alone a combination of some or all of them. This makes the probability that Galloway is qualified under the Act lower.

The Commission's disability discrimination and failure to accommodate claims fail.

---

[5] *See Moss v. Harris County Constable Pct. One*, 851 F.3d 413, 418 (5th Cir. 2017).

3. *Conclusion.*

The Equal Employment Opportunity Commission – for Barney Galloway – will take nothing from Cash Depot, LTD.

Signed on July 21, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge