United States District Court
Southern District of Texas
**ENTERED**
December 22, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-cv-03343** |
| **CASH DEPOT, LTD.** | § § § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

**CONSENT DECREE**

THIS CONSENT DECREE is made and entered into by and between the U.S. Equal

Employment Commission ("EEOC" or "Plaintiff") and Cash Depot, Ltd. ("Cash Depot" or

"Defendant") (Plaintiff and Defendant are collectively referred to herein as "the Parties"), with

regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No.

4:20-cv-03343, in the United States District Court for the Southern District of Texas, Houston

Division (the "Lawsuit"). The Complaint was based on a Charge of Discrimination (the "Charge")

filed by Barney M. Galloway ("Galloway" or "Charging Party") against Defendant under Charge

No. 460-2019-03291 (the "Charge").

I.

The Complaint filed by the EEOC alleges that Defendant violated the Americans with

Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.,* by subjecting Galloway to an

adverse employment action, termination, on the basis of disability, and by failing to accommodate

Galloway's disability to enable him to perform the essential functions of the job or to determine if

1

an accommodation was reasonable. Defendant denied the claims and allegations alleged in the Charge and Complaint. This Consent Decree does not constitute an admission of liability.

The Parties stipulate that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

The Parties agree to compromise and settle the differences embodied in the Charge and Complaint and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Consent Decree ("Decree").

II.

In consideration of the agreements set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows and the Court ORDERS that:

1.      **Resolution of All Claims.** This Decree resolves all issues and claims arising out of the Charge, the Complaint and this Lawsuit. This Decree in no way affects the EEOC's right to process, investigate and/or litigate any other charges of discrimination against Defendant other than the above-referenced Charge, and the EEOC makes no waiver of such right.

2.      **Term of Decree.** The term of this Decree shall be three (3) years, which will commence on the date this Decree is entered by this Court.

3.      **Injunction Prohibiting Discrimination/Failure to Accommodate.** Defendant is enjoined from engaging in any employment practice that violates the ADA including, but not limited to, (a) discharging, or otherwise discriminating against an applicant or employee because of disability, or (b) failing to accommodate an applicant or employee with a disability as required by the ADA.

2

4.      **Injunction Prohibiting Retaliation.** Defendant is enjoined from engaging in any employment practice that retaliates against an applicant or employee who in good faith, exercises their right to resist, complain about, and/or otherwise oppose what they reasonably believe is unlawful discrimination, or to request an accommodation.

5.      **Settlement Amount.** Defendant shall pay Galloway the total sum of Fifty-Five Thousand and 00/100 Dollars ($55,000.00) (the "Settlement Amount") in full and final settlement of all claims which were or could have been raised in the Charge or the Lawsuit in the form of two (2) checks (the "Settlement Checks"), as set forth at paragraphs 6-7 below.

6.      **Settlement Check for Back Pay.** The first check from the Settlement Amount shall be for the sum of Twenty-Seven Thousand Five Hundred and 00/100 Dollars ($27,500.00) and is intended by the Parties to compensate Galloway for back pay and/or lost wages and benefits associated with the EEOC's claims against Defendant, and thus, shall be subject to withholding of applicable federal payroll and income taxes, and shall be made payable to "Barney M. Galloway." Defendant shall issue and mail to Galloway an individual Internal Revenue Service Form W-2 by January 31st of the year following the payment of this Settlement Check.

7.      **Settlement Check for Section 1981a Damages.** The second check from the Settlement Amount shall be for the sum of Twenty-Seven Thousand Five Hundred and 00/100 Dollars ($27,500.00) and is intended by the Parties to compensate Galloway for losses associated with the EEOC's Section 1981a damages claims against Defendant, including, but not necessarily limited to, compensation for Galloway's past and future non-pecuniary losses including emotional pain, suffering, inconvenience, and mental anguish, and thus, shall not be subject to any withholdings of any taxes by Defendant and shall be made payable to "Barney M. Galloway."

3

Defendant shall issue and mail to Galloway an individual Internal Revenue Service Form 1099 by January 31st of the year following the payment of this Settlement Check.

8.     **Delivery of Settlement Checks.** Within ten (10) days of the entry of this Decree, Defendant shall deliver the Settlement Checks described in paragraphs 6-7 above directly to Charging Party at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendant's cost or expense. Within five (5) business days of the delivery of the Settlement Checks to Charging Party, a copy of each executed Settlement Check shall be provided to the EEOC to certify that the payments have been made by Defendant.

9.     **EEOC's Reporting Requirements Under IRS Sections 162(F) And 6050x.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

10.     **Defendant's Information.** Within seven (7) days of the entry of this Decree, Defendant agrees to provide, both the in the manner specified for notice in this Decree and through the EEOC Respondent Portal, 1) the Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of the Defendant.

11.     **No Representation by the EEOC.** The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any

4

decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

12. **Not Acting in Reliance on IRS Deduction.** The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

13. **Accrual of Interest for Non-Payment.** In the event either Settlement Check described in paragraphs 6-7 above is not timely paid, as described in paragraph 8 above, interest shall immediately accrue on the relevant portions(s) of the Settlement Amount at the then-current IRS penalty rate and shall be immediately owed to Charging Party by Defendant. Interest in an amount of no less than thirty (30) days shall be paid by Defendant for the initial and each subsequent period of delinquency of one (1) to thirty (30) days.

14. **Release of Claims.** Charging Party has executed a Release of Claims, in which he has, in consideration for receipt of the Settlement Amount, agreed to waive his right to recover for any claims of disability discrimination under the ADA against Defendant that accrued prior to the date of the release and that were included in the claims alleged in the Lawsuit. The Release of Claims is appended hereto as **Exhibit "A"** and is incorporated herein.

15. **Posted Notice.** Defendant shall, within thirty (30) days after entry of this Decree, conspicuously and prominently post at all Cash Depot office locations, in one or more places that are easily accessible by employees, one or more copies of the Notice appended hereto as **Exhibit "B,"** which sets forth generally the requirements of the ADA, including reasonable accommodation, and the statute's prohibitions against disability discrimination and retaliation for engaging in protected activity. The Notice shall be signed by an officer of Cash Depot and shall be at least 8½ by 11-inches in size. In addition, the Notice shall be posted online through Cash

5

Depot's intranet and/or internet address where it is accessible to applicants and employees of Defendant. The Notice shall remain posted for the full term of this Decree. Within five (5) business days of posting the Notice, Defendant shall certify to the EEOC in writing that this requirement has been accomplished.

16.    **Revision of Policies.** Within thirty (30) days after entry of this Decree, Defendant shall revise its existing policies and procedures, as follows:

A.    All EEO policies and procedures prohibiting discrimination against employees and applicants for employment with respect to hiring, compensation, promotions, termination or other terms, conditions or privileges of employment shall specifically prohibit discrimination because of an applicant or employee's disability. Defendant shall also provide an explanation as to what constitutes disability discrimination under the ADA.

B.    All policies prohibiting retaliation for complaining about unlawful discrimination or harassment, shall specifically prohibit retaliation for making a complaint about disability discrimination and/or failure to accommodate, and for making a complaint to the Equal Employment Opportunity Commission or comparable state Fair Employment Practices agency.

C.    All policies governing requests for reasonable accommodations and guidelines for considering and granting accommodations shall specifically describe the rights of employees to make such requests, the process for making the request, including the identity of the person, by name and/or title, to whom such a request should be made, and the criteria for consideration of such requests. The policies/procedures shall also be included a statement that a decision regarding the request shall be made to the requestor in writing

6

within ten (10) days of the date the request for reasonable accommodation is made, and if the request is denied, the reason for the denial shall be provided in writing by that deadline.

Defendant shall submit all revised policies, procedures, and guidelines addressed in this paragraph to the EEOC for review within ten (10) days of making the revisions. The EEOC may submit to Defendant any requested modifications or revisions to the revised policies within ten (10) days of receipt. The parties shall endeavor to reach agreement. If agreement cannot be reached, the EEOC may seek relief from the Court as set forth in Paragraph 26.

17.    **Revision of Job Description.** Within thirty (30) days after entry of this Decree, Cash Depot shall revise its job description for the position of Field Service Technician, also known as Field Technician, to reflect that an accommodation may be available to enable an employee to perform one or more essential job functions. Defendant shall submit the revised job description addressed in this paragraph to the EEOC within ten (10) days of making the revisions.

18.    **Distribution of Policies and Job Description.** Within thirty (30) days after revising the job description in paragraph 17, shall distribute, electronically or by hard copy, the job description to all individuals holding that position. In addition, within thirty (30) days of revising the policies and procedures described in paragraph 16, Defendant shall distribute, electronically or by hard copy, all such policies and procedures. Defendant shall provide written notification to the EEOC of the distribution described in this paragraph within ten (10) business days following the distribution.

19.    **Management Training.** Defendant's managers, supervisors, officers, owners, executive staff, directors, and human resources personnel shall attend annual professional training regarding employment discrimination, including ADA prohibitions regarding discrimination and retaliation, reasonable accommodation requirements, and bias towards individuals with

7

disabilities. The training is to be provided by an employment attorney at the Law Firm of Conway, Olejniczak & Jerry, S.C., which attorney(s) will have familiarity with and be well versed in the field of EEO rights and statutes. The training shall be at least two (2) hours in duration. As part of the training, all such individuals shall be advised that failure to comply with Defendant's EEO policies, procedures and guidelines may be grounds for serious discipline, including suspension, demotion or discharge depending on the degree of misconduct.

20.     **Employee Training.** Defendant shall also provide annual training to all employees of Defendant not described in paragraph 19 which advises employees of their rights under employment anti-discrimination/EEO laws, with a special emphasis on ADA prohibitions regarding discrimination, harassment and retaliation, reasonable accommodation requirements, and bias towards individuals with disabilities. The training shall be conducted by an employment attorney at the Law Firm of Conway, Olejniczak & Jerry, S.C., qualified to conduct the training, and the training shall be at least one (1) hour in duration.

21.     **Schedule for Training Sessions.** The first sessions of the trainings described in paragraphs 19-20 shall be conducted within ninety (90) days following entry of this Decree, with additional sessions under each paragraph to be conducted annually with the third and final sessions to be conducted sixty (60) days prior to expiration of the term of this Decree.

22.     **Curriculum Provided to EEOC.** At least forty-five (45) days prior to the initial training sessions described in paragraphs 19-20 of this Decree, Defendant shall provide to the EEOC a copy of the curriculum(s) to be utilized. The EEOC may submit to Defendant any requested modifications or revisions to the proposed curriculum within ten (10) days of receipt. The parties shall endeavor to reach agreement. If agreement cannot be reached, the EEOC may seek relief from the Court as set forth in Paragraph 26.

23.     **Written Acknowledgment of Training**. No more than thirty (30) days after each training session described in paragraphs 19-20 of this Decree is conducted, Defendant shall provide a written acknowledgment of receipt of such training by each attendee. The acknowledgement shall include the name of each attendee, his or her job title, the training session (online or in-person) he or she attended, and the date on which he or she attended the training session. Defendant may utilize a group sign-in sheet or an Excel spread sheet for this purpose.

24.     **Segregation of Files**. Within thirty (30) days after the entry of this Decree, Defendant shall remove from all personnel files pertaining to Galloway all documents, entries, and references relating to the Charge, the Lawsuit, this Decree, and the facts and circumstances which form the basis for the Charge, the Lawsuit, and the Decree. Any such records shall be maintained by Defendant, if at all, in a separate, confidential file or files. Defendant shall report compliance to the EEOC within ten (10) days after removal that it has complied with this paragraph.

25.     **Job Reference.** If contacted for a job reference by a prospective employer of Galloway during the term of this Decree, Defendant shall provide a neutral job reference which includes only his dates of employment, the position he held, and his rate of pay. Defendant shall not mention this Lawsuit, the Charge, or this Decree, or any of the surrounding facts, allegations, claims, or circumstances. In addition, Defendant shall not indicate that Galloway was terminated or left employment with Defendant involuntarily or under any negative circumstances, or that that he is ineligible for rehire.

26.     **Breach and Opportunity to Cure.** During the term of this Decree, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. If Defendant fails to timely pay either Settlement Check

9

from the Settlement Amount, as specified in paragraphs 5-8 above, or to otherwise fails to comply with those paragraphs, the payment shall be considered as past due and the EEOC shall be authorized to seek relief for such failure and for enforcement of this Decree in the United States District Court, with five (5) business days-notice to and an opportunity to cure by Defendant. If Defendant does not cure the non-payment within five (5) days of the notice, the EEOC is authorized to seek court enforcement without further notice to Defendant. If either Settlement Check described in paragraphs 6-7 above is returned by Defendant's financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC. For any breach alleged by the EEOC other than non-payment of any portion of the Settlement Amount, the EEOC will provide notice to Defendant of the breach and Defendant will then have ten (10) business days for the opportunity to investigate and cure such breach. Should the parties be unable to resolve a breach or other dispute regarding this Decree, and/or the EEOC otherwise assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree. The EEOC also reserves the right to seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

27. **Successors-in-Interest.** This Decree shall be binding on Defendant, all successors and assigns of Defendant, and all successors-in-interest to the business owned or managed by Defendant. Therefore, Defendant shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of the Decree prior to any sale, acquisition, or merger of Cash Depot with any other company or business entity. This paragraph shall not limit any remedies available to the EEOC pertaining to a violation of breach of this Decree.

10

28.     **Notices to EEOC.** All reports, notices, and acknowledgments required by this Decree to be provided to the EEOC shall be sent to Connie W. Gatlin, Senior Trial Attorney, or her designee, at the Equal Employment Opportunity Commission, 1919 Smith St., 6th Floor, Houston, Texas 77002, connie.gatlin@eeoc.gov, by U.S. mail or by email, or otherwise designated by the EEOC.

29.     **Calculation of Time Periods.** All time period(s) referenced in this Decree shall be measured in calendar days unless otherwise noted.

30.     **Severability.** If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

31.     **Costs and Attorney's Fees.** Each party to this action shall bear its own costs and attorney's fees.

SO ORDERED, ADJUDGED AND DECREED this  22nd  day of  December  , 2023.

_____

THE HONORABLE DREW B. TIPTON
UNITED STATES DISTRICT COURT JUDGE

11

APPROVED AND ENTRY REQUESTED:

FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

/s/ *Connie W. Gatlin*
CONNIE W. GATLIN,
Senior Trial Attorney
Texas Bar No. 00792916
S. D. Tex. No. 23624
connie.gatlin@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
(346) 327-7710 (direct)
(713) 651-7995 (fax)

FOR DEFENDANT CASH DEPOT, LTD.:

/s/ *Kathleen A. O'Connor, by permission, CWG*
KATHLEEN A. O'CONNOR
kaoconnor@o-w-law.com
Texas Bar No. 00793468
S.D. Tex. No. 63644
O'CONNOR WECHSLER PLLC
4400 Post Oak Parkway, Suite 2360
Houston, Texas 77027
(713) 225-9000 ext. 234
(713) 225-6126 (fax)